**Tencza v. Aetna Life and Casualty Insurance Co.**

*William R. Keller,* for plaintiff.
*John J. Aponick, Jr.,* for defendant.

DALESSANDRO, *J.,* August 1, 1978—

## NATURE OF PROCEEDINGS

This matter is before the court on defendant's preliminary objections to plaintiff's complaint.

## HISTORY AND FACTS

Plaintiff's wife, who had an Auto-Rite automobile policy with defendant, died on June 3, 1976, as a result of injury caused by a hit-and-run motorist who struck her on May 22, 1976. Plaintiff seeks survivor's loss benefits under the policy.

## DISCUSSION AND LAW

Defendant's demurrer and motion for a more specific pleading raise only one issue: whether plaintiff, a surviving husband in an action for no-fault benefits in the nature of survivor's loss under the Auto-Rite policy, must specifically set forth the exact amounts of the survivor's loss.

This case presents the court with an issue of first impression since there are no reported cases dealing with the subject.

Survivor's loss under our No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, is defined as:

"'Survivor's loss' means the:

"(A) loss of income of a deceased victim which would probably have been contributed to a survivor or survivors, if such victim had not sustained the fatal injury; and

"(B) expenses reasonably incurred by a survivor or survivors, after a victim's death resulting from injury, in obtaining ordinary and necessary services in lieu of those which the victim would have performed, not for income, but for their benefit, if he had not sustained the fatal injury, reduced by expenses which the survivor or survivors would probably have incurred but avoided by reason of the victim's death resulting from injury." 40 Pa.C.S.A. §1009.103.

Defendant argues that this is a sum of money which could be calculated with precision; and further, it is an item of special damages and Pa.R.C.P. 1019(f) requires special damages to be stated specifically.

We agree with defendant's arguments. Pennsylvania courts have, for years, dealt with an analogous situation under our Wrongful Death Statute of April 15, 1851, P.L. 669, as amended, 12 P.S. §§1601, 1602, wherein designated survivors are entitled to damages for pecuniary losses which they suffer as a result of the death of certain relatives enumerated in the statute.

In Carbaugh v. Grove, 84 D. & C. 489 (1951), the court held that a complaint which alleged that decedent assisted, comforted, and maintained plaintiff was insufficient. The court required plaintiff to set out decedent's earnings and contributions to plaintiff's support.

In Hafer v. Schauer, 9 Lebanon 349, the court held that items of damages in a wrongful death and survival action must be pleaded with particularity. Such items include the nature and place of decedent's employment, his age, his wages or earnings, and the proportion thereof which decedent contributed to the support of his spouse.

In Pichcuskie v. Antonio, 27 Northumb. L.J. 108, it was held that a general averment of a claim for loss of earnings of a decedent is insufficient; and where a defendant moves for a more specific statement, plaintiff will be required to furnish a more specific complaint.

Defendant's preliminary objections request that plaintiff be required to set forth the amount decedent would have contributed to plaintiff if decedent had not sustained a fatal injury. Defendant also requests that plaintiff set forth what expenses have been incurred, or will be incurred, by plaintiff following decedent's death in obtaining ordinary and necessary services in lieu of those which decedent would have performed for plaintiff's benefit. Plaintiff's complaint also fails to set forth the income decedent was earning immediately prior to her death and the expenses plaintiff would have incurred but avoided by reason of decedent's death.

The information which defendant seeks by virtue of its preliminary objections is similar to the type which must be pleaded in a wrongful death action. Since the no-fault situation is substantially similar to the wrongful death action, we hold that plaintiff must plead survivor's loss with particularity by setting forth those items discussed above.

## ORDER

Defendant's preliminary objection in the nature of a demurrer is overruled and dismissed.

It is further ordered that defendant's preliminary objection in the nature of a motion for a more specific pleading is sustained, and plaintiff is directed to file an amended complaint in accordance with this opinion within 30 days from the date hereof.